IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAYSON BRADLEY WHITE,

    Plaintiff,

v.                                          Civil Action No. 1:20cv269
                                                    (Judge Kleeh)

BETSY C. JIVIDEN,

    Defendant.

**REPORT AND RECOMMENDATION**

**I. Introduction**

On December 9, 2020, the *pro se* plaintiff, Jayson Bradley White ("White), an inmate at the Central Regional Jail in Sutton, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In addition, he filed a Motion for Leave to Proceed *in forma* pauperis [ECF No. 2], together with supporting documents. ECF Nos. 3, 4. By Order entered December 9, 2020, Plaintiff was granted permission to proceed as a pauper and the initial partial filing fee was waived, although he was assessed the full fee. ECF No. 6.

On December 10, 2020, another prisoner, Brian Griffey, filed a "Motion to Join Party of the Petitioners [sic]"[1] in this case. ECF No. 7. On December 28, 2020, Plaintiff filed a Motion to Appoint Counsel and Financial Injunction [ECF No. 10], attaching copies of 3 filings from a case he filed in the Circuit Court of Braxton County, Case No. 20-P-26: a "*Pro Se* Arguments and Motion: Guardian *ad Litem*," an "Objection; Arguments Motion and Prayer," and a *Pro se* Motion for Financial Injunction. ECF No. 10-1, 10-2, 10-3. On January 11, 2021, Plaintiff filed a Motion: Evidence/Affidavit Submission [ECF No. 12], attaching copies of multiple filings from a case he

---

[1] The motion was written in Petitioner's handwriting with what appeared to be Griffey's signature.

filed in Circuit Court of Braxton County Case No. 20-P-26: a "Motion: Open Subpoena of Records, two "*Pro Se* Motion: Document Subpoena(s);" a copy of a four-page letter; and an eight-page "Manifesto of the Poor," addressed to "Partisan Leaders," along with two addendums to the same. See ECF No. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7. On January 12, 2021, another prisoner, Jeremy Salisbury, filed a Motion to Intervene and/or Motion for Joinder.[2] ECF No. 13. Inmate Salisbury also filed a Motion to Proceed *in forma pauperis* using a form for the United States Court of Appeals for the Federal Circuit and attaching copies of the Ledger Sheets to his inmate trust account. ECF No. 14.

On January 14, Plaintiff filed a Motion/Affirmation of Adjudgment/Compliance Order. ECF No. 15. On January 27, 2021, Plaintiff filed a Motion for Judiciary Investigation/Ethics Inquisition and a "Motion for Subpoena of CERT [sic] Records/Related Materials." ECF Nos. 17, 18. On February 3, 2021, Plaintiff filed a "Motion for Subpoena of Records/evidence – WV Judicial Commission," attaching a copy of a January 25, 2021 letter from the Judicial Investigation Commission in Charleston, West Virginia. ECF No. 19. On February 4, 2021, another inmate, Jamie Hicks, filed a Motion for Joinder/to Intervene,[3] a Motion to Appoint Counsel/Guardian *ad Litem*, and a Motion to proceed *in forma pauperis* on a form for the United States Court of Appeals for the Federal Circuit.  ECF No. 20, 21, 22. On February 8, 2021, Plaintiff filed "Motion for Evidence Submission – State Docket Sheet," attaching a copy of the docket sheet for his Braxton County Case No. 04-2020-P-26, and another inmate, Shaun Duke, filed a Motion to Join Party of

---

[2] The motion was written in Petitioner's handwriting with what appeared to be Salisbury's signature.

[3] The motion was written in Petitioner's handwriting with what appeared to be Hicks' signature.

the Petitioners,[4] along with a Motion to Proceed *in forma pauperis* on a form for the United States Court of Appeals for the Federal Circuit. ECF No. 23, 24, 25.

This matter is referred to the undersigned United States Magistrate Judge for initial screening and to make a proposed recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. The Complaint

The Plaintiff alleges that while confined to the Central Regional Jail, he has been exposed to multiple negative conditions of confinement, including inadequate food; food unfit for consumption due to its having been placed on the floor; food areas contaminated with sewage material; a "defiled" water source; no hot water or cleaning supplies; mishandled legal papers; and he is not provided with legal supplies. ECF No. 1 at 7 – 8. He also alleges "egregious misconduct," contending that staff "intentionally incite violence between residents for entertainment or enjoyment. See investigation of termination of Hannah [sic – illegible] Fisher." Id. at 8. He contends that he has been subjected to cruel and unusual punishment, referencing without explanation, the "Harl Byrd" investigation [id.], that staff seeks to cause bodily harm for entertainment and will not permit outside recreation; and contending that he has been confined to lockdown for twenty months. Id. Plaintiff also alleges, without explanation or elaboration, "gross negligence," "false imprisonment," and Prison Rape Elimination Act ("PREA") violations, including failure to follow PREA guidelines. Id. He alleges that he has been held past maximum terms for sentencing orders, and that complaints are ignored when reported. Id. Further, he alleges that he has been physically assaulted as a result of the jail environment and culture fostered by

---

[4] The motion was written in Petitioner's handwriting with what appeared to be Duke's signature.

staff and "Erec___" [illegible];  and that he attempted suicide after being incarcerated for 20 months in regional jails. Id. at 9.

Plaintiff contends that he exhausted his administrative remedies regarding his claims, but that at Level One, "[p]olicy is not adhered, staff refuses to provide numbers and copies, 100+ grievances filed, most destroyed by staff and disposal;" Level Two "lies and denial;" and at Level Three, "denial." Id. at 5.

Plaintiff admits that he has already previously raised these same claims, and that they are in fact still presently pending in Braxton, Webster, and Calhoun County Circuit Courts; that cases were opened in Braxton and Webster County, but Calhoun County "did not respond at all." Id. He contends that "[f]ormal relief sought on State Courts is pending; however it is before bias [sic] judges over their own Administration – U.S. Constitution Article III Section II, Delineation of Judicial Powers." Id. at 6.

As relief, Plaintiff seeks unspecified compensatory and punitive damages, along with injunctive relief, requesting that this Court "[c]ompletely dismantle for-profit Article of Equity Sh__ [illegible] organization which fosters this environment and undermines the State of WV's justice system." Id. at 9. Further, again without explanation or elaboration, he requests "[s]eizure & order distribution of Pharmaceutical Litigation Trusts Order Cease & Desist of all for profit me__ [illegible] for incarceration including contracting for services." Id.

### III. Standard of Review

**A. *Pro Se* Litigants**

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought

by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45 - 46.

The Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94, 127


S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, *supra*, at 520–21. "[T]he mandated liberal construction afforded to *pro se* pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . " Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

**B. § 1983 Claims**

The Supreme Court has held that:

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . " The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that **some person** has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640 (emphasis added).

### IV. Analysis

**A. Failure to State a Claim Upon Which Relief can be Granted**

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that the Plaintiff fails to present a claim upon which relief can be granted. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. Gomez, 446 U.S. at 640.

The Plaintiff has named Betsy C. Jividen ("Jividen"), the Commissioner of the West Virginia Division of Corrections and Rehabilitation ("WVDOCR") as the sole defendant in this action. However, the Plaintiff failed to make a single allegation against Jividen in the body of his complaint. Instead, the only reference to Jividen is contained in the identification of this Defendant as the "Commissioner of the WVDOCR and the violations occurred while the body of the Petitioner(s) was and is on [sic] the custody of the same to be safely kept." ECF No. 1 at 2. Accordingly, it appears that the Plaintiff has merely named Jividen in her official capacity as the Commissioner of the WVDOCR. However, official capacity claims "generally represent only another was of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 47 U.S. 159, 165 (1985) (citations and quotations omitted). Therefore, suits against

7

state officials in their official capacity should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (Citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the Plaintiff has made no allegation that would support such a finding, and therefore, the Plaintiff has improperly named Jividen as a defendant.

The Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. In this case, the Plaintiff's complaint, filed without a memorandum in support, is both short and plain, but fails to name a proper defendant or to provide any factual allegations against any named individual. Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted.

**B. This Court Should Abstain from Consideration of Plaintiff's Claims due to the Pending State Circuit Court Proceedings.**

Plaintiff's complaint admits that he has filed the same instant claims raised here in three state courts: in Braxton County Circuit Court as Case No. 04-2020-P-26; in Webster County Circuit Court as Case No. 41-2020-P-12; and in Calhoun County Circuit Court, where he contends that he received no response. ECF No. 1 at 5 – 6. The *pro se* law clerk ("PSLC") assigned to this case called the Clerks of those courts to ascertain the status of those proceedings. Plaintiff's case in Braxton County Circuit Court was filed on August 11, 2020, at least one status hearing has been held, and numerous motions to intervene have been denied. See Braxton County Circuit Court docket, attached as Exh. 1. Plaintiff's case in Webster County Circuit Court was filed on August 4, 2020, counsel has been appointed, a status hearing has been held and the matter is set for another

status hearing. See Webster County Circuit Court docket, attached as Exh. 2. The Clerk of Calhoun County Circuit Court had no record of receiving any such claims for filing from Plaintiff.

Accordingly, even if the undersigned had not already recommended that this case be dismissed for failure to state a claim upon which relief can be granted, this Court should abstain from exercising subject matter jurisdiction over the plaintiff's claims for damages and injunctive relief under the "Younger-abstention doctrine," as defined in Younger v. Harris, 401 U.S. 37 (1971). "Under [the] Younger-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984). Under the Younger abstention doctrine, a federal court is required to abstain from interfering in ongoing state court proceedings, even if the federal court has jurisdiction, where the following test if met: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. V. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); see also Virginia Inst. Of Autism v. Virginia Dep't of Educ., 537 F. Supp.2d 817, 820 (E.D. Va. 2008). Once the three conditions are met, Younger abstention is nondiscretionary[.]" Amanatullah v. Colorado Board of Medical Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999).

Here, all three conditions are met. It is clear that the state court proceedings Plaintiff filed in Braxton and Webster County Circuit Courts are ongoing, and were instituted well before this this action was filed in federal court. Second, state civil rights actions are certainly important matters of state interest. Third, the Braxton and Webster Marion County Circuit Courts can

9

adequately handle any constitutional claims the Plaintiff might raise there[5] and Plaintiff has the opportunity to present any claims related to the defendant's conduct in those state court proceedings. Accordingly, the undersigned recommends that abstention from consideration of the plaintiff's claims under the Younger-abstention doctrine is appropriate here, and therefore this court lacks subject matter jurisdiction over his claims.

## V. Recommendation

For the foregoing reasons, this Court **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED without prejudice**, based on the failure to state a claim upon which relief can be granted.

The undersigned further **RECOMMENDS** that the following pending motions be **DENIED as MOOT**: inmate Brian Griffey's "Motion to Join Party of the Petitioners [sic]" [ECF No. 7]; Plaintiff's "Motion to Appoint Counsel and Financial Injunction [ECF No. 10];" Plaintiff's "Motion: Evidence/Affidavit Submission [ECF No. 12];" inmate Jeremy Salisbury's "Motion to Intervene and/or Motion for Joinder [ECF No. 13];" inmate Salisbury's "Motion to Proceed *in forma pauperis* [ECF No. 14];" Plaintiff's "Motion/Affirmation of Adjudgment/Compliance Order [ECF No. 15];" Plaintiff's "Motion for Judiciary Investigation/Ethics Inquisition [ECF No. 17];" Plaintiff's "Motion for Subpoena of CERT [sic] Records/Related Materials [ECF No. 18];" Plaintiff's "Motion for Subpoena of Records/evidence – WV Judicial Commission, [ECF No. 19];" inmate Jamie Hicks' "Motion for Joinder/to Intervene [ECF No. 20];" inmate Hicks' "Motion to Appoint Counsel/Guardian *ad Litem* [ECF No. 21];" inmate Hicks' "Motion to proceed *in forma pauperis* [ECF No. 22];" Plaintiff's "Motion for Evidence Submission – State Docket Sheet [ECF

---

[5] Under the well-established principles of federalism and comity, the Younger doctrine "also recognizes that state courts are fully competent to decide issues of federal constitutional law." Martin Marietta Corp., 38 F.3d at 1396.

No. 23];" and inmate Shaun Duke's "Motion to Join Party of the Petitioners [ECF No. 24];" inmate Duke's Motion to Proceed *in forma pauperis*. ECF No. 25.

Any party may, **within fourteen (14) days after being served with a copy of this Report and Recommendation**, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. **Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation**. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 16, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE