IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAYSON BRADLEY WHITE,**

    **Plaintiff,**

  v.                                          Civil Action No. 1:20-CV-269
                                                      (Judge Kleeh)

**BETSY C. JIVIDEN,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 27] AND DISMISSING COMPLAINT [DKT. NO. 1]

On December 9, 2020, the pro se Plaintiff filed a Complaint alleging a cause of action under 42 U.S.C. § 1983 related to conditions at Central Regional Jail in Sutton, West Virginia [Dkt. No. 1]. He also filed a Motion for Leave to Proceed *in Forma Pauperis* [Dkt. No. 2] which was granted by Order entered December 9, 2020 [Dkt. No. 6].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review and screening. On February 16, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [Dkt. No. 27], recommending that the Court dismiss the Complaint without prejudice and deny as moot all pending motions [Id. at 10-11].

The R&R informed parties of the right to file specific written objections to the Magistrate Judge's report and recommendation. Specifically, the R&R states that "[a]ny party may, within fourteen

(14) days "after being served with a copy of this Report and Recommendation" file with the Clerk written objections "identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection" [Dkt. No. 27 at 11]. The R&R further warned that the "[f]ailure to file written objections . . . will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation" [Id. at 11]. The docket reflects that the R&R was sent to the Plaintiff by certified mail, return receipt requested, and was received by Plaintiff Jayson Bradley White on February 18, 2021[1] [Dkt. No. 31]. Plaintiff filed Objections and a Summary Objection on February 23, 2021 and March 2, 2021, respectively [Dkt. Nos. 35, 39]. Intervenor Plaintiffs Jeremy Salisbury, Jamie Hicks, Shaun Duke, and Thomas Holcomb filed an Objection on February 24, 2021 [Dkt. No. 36].

When reviewing a Magistrate Judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete

---

[1] Intervenor Plaintiff Shaun Duke received the R&R on February 18, 2021 [Dkt. No. 30]; Intervenor Plaintiff Jeremy Salisbury received the R&R on February 18, 2021 [Dkt. No. 32]; and Intervenor Plaintiff Jamie Hicks received the R&R on February 18, 2021 [Dkt. No. 33].

v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Failure to object within the appropriate time period shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, *but these objections are so general or conclusory* that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the Court's attention to any specific portions of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47

3

(4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

The Magistrate Judge determined that Plaintiff's Complaint fails to state a claim upon which relief can be granted [Dkt. No. 27 at 7-8]. The Magistrate Judge further determined that the Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims under the Younger-abstention doctrine because Plaintiff also has claims pending in three West Virginia state courts [Id. at 8-9]. Plaintiff White's filings in response to the R&R object summarily to the findings by the Magistrate Judge and requests that the Court order the parties to mediation [Dkt. No. 35]. No specific objections are set forth. A similar "summary objection" is filed by Intervenor Plaintiffs [Dkt. No. 36] without reference to specific objections.

The Court finds that the objections [Dkt. Nos. 35, 36, 39] fall short of the specificity requirement. The general grievances and repeated conclusory allegations of Plaintiff and Intervenor Plaintiffs do not merit a de novo review and fail to preserve a claim for review by this Court. The objections are nonspecific,

4

are devoid of any reference to specific findings or recommendations, and are unsupported by appropriate legal authority. Accordingly, the Court reviewed the R&R for clear error and found none.

Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [Dkt. No. 27], **OVERRULES** the Objections of Plaintiff [Dkt. Nos. 35, 39] and the Objections of Intervenor Plaintiffs [Dkt. No. 36], and **DISMISSES WITHOUT PREJUDICE** the Complaint [Dkt. No. 1].

The Court further **ORDERS** that the **following pending motions** are **DENIED AS MOOT**: Brian Griffey's Motion to Join Party of the Petitioners [sic] [Dkt. No. 7]; Motion to Appoint Counsel and Financial Injunction [Dkt. No. 10]; Motion Evidence/Affidavit Submission [Dkt. No. 12]; Jeremy Salisbury's Motion to Intervene and/or Motion of Joinder [Dkt. No. 13]; Jeremy Salisbury's Motion for Leave to Proceed *in Forma Pauperis* [Dkt. No. 14]; Motion for Affirmation of Adjudgment/Compliance Order [Dkt. No. 15]; Motion for Judiciary Investigation [Dkt. No. 17]; Motion for Subpoena for Cert Records/Related materials [Dkt. No. 18]; Motion for Subpoena of Records [Dkt. No. 19]; Motion for Joinder/to Intervene by Jamie Hicks [Dkt. No. 20]; Motion to Appoint Counsel/Guardian Ad Litem by Jamie Hicks [Dkt. No. 21]; Motion for Leave to Proceed *in Forma Pauperis* by Jamie Hicks [Dkt. No. 22]; Motion for Evidence Submission [Dkt. No. 23]; Motion to Intervene/for Joinder by Shaun
5

Duke [Dkt. No. 24]; Motion for Leave to Proceed *in Forma Pauperis* by Shaun Duke [Dkt. No. 25]; Motion to Subpoena Financial Records [Dkt. No. 28]; Motion to Join and Motion to Appoint Counsel by Jeremy Salisbury [Dkt. No. 29]; Motion to Stay [Dkt. No. 34]; Motion for Subpoena of Records [Dkt. No. 38]; Motion for Evidence Submission – Judicial Complaint [Dkt. No. 40]; Motion: Cease and Decest [sic] Order – Arbitrary Amendments [Dkt. No. 41]; Motion to Intervene by Thomas Holcomb [Dkt. No. 42]; Motion to Change Venue [Dkt. No. 45]; Motion: Evidence Submission – Affidavit of Treylyn Fultz [Dkt. No. 46]; Motion for Joinder by Treylyn Jo Fultz [Dkt. No. 47]; Motion for Leave to Proceed *in Forma Pauperis* by Treylyn Fulz [Dkt. No. 48]; Motion to Intervene/Joinder by Dustin Alan Conley [Dkt. No. 49]; Motion for Leave to Proceed *in Forma Pauperis* by Dustin Alan Conley [Dkt. No. 50]; Motion for Joinder/Intervene by James Henry Jones [Dkt. No. 51]; Motion for Leave to Proceed *in Forma Pauperis* by James Henry Jones [Dkt. No. 52]; Pro Se Motion for Joinder by Jonte P. Washington [Dkt. No. 53]; Motion for Leave to Proceed *in Forma Pauperis* by Jonte P. Washington [Dkt. No. 54]; Motion to Proceed, Compel Appointment of Counsel and Default Judgment – Financial Injunctive Relief [Dkt. No. 55]; Motion to Intervene/Joinder and Motion to Appoint Guardian Ad Litem by Kevin H. Cayemitte [Dkt. No. 57]; Motion for Leave to Proceed *in Forma Pauperis* by Kevin H. Cayemitte [Dkt. No. 58]; Motion for Joinder/Intervene by Richard Morris [Dkt. No. 59]; Motion for Leave

to Proceed *in Forma Pauperis* by Richard Morris [Dkt. No. 60]; Motion for Joinder/Intervene by Waitman Frame, Jr. [Dkt. No. 61]; Motion for Leave to Proceed *in Forma Pauperis* by Waitman Frame, Jr. [Dkt. No. 62]; Motion for Joinder/Intervene by Lance Smith [Dkt. No. 63]; Motion for Leave to Proceed *in Forma Pauperis* by Lance Smith [Dkt. No. 64]; Motion for Joinder/Intervene by Ronald Walls [Dkt. No. 65]; Motion for Joinder/Intervene by Tyrone Wyatt-Smith [Dkt. No. 66]; Motion for Leave to Proceed *in Forma Pauperis* by Tyrone Wyatt-Smith [Dkt. No. 67]; and Motion for Leave to Proceed *in Forma Pauperis* by Ronald Walls [Dkt. No. 68].

The Clerk is further **DIRECTED** to **STRIKE this matter from the Court's active docket.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to the pro se Plaintiff and Intervenor Plaintiffs via certified mail, return receipt requested.

**DATED:** September 29, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE